# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD and NIPPON SHINYAKU CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC PHARMACEUTICALS, INC., VGYAAN PHARMACEUTICALS LLC, AIZANT DRUG RESEARCH SOLUTIONS PRIVATE LIMITED, ZYDUS WORLDWIDE DMCC and ZYDUS PHARMACEUTICALS (USA) INC., <br><br> Defendants. | Civil Action No. 1:20-cv-03859 (RMB) (KMW) <br><br> **STIPULATION AND [PROPOSED] ORDER DISMISSING WITHOUT PREJUDICE AIZANT DRUG RESEARCH SOLUTIONS PRIVATE LIMITED** |

Plaintiffs Actelion Pharmaceuticals Ltd ("Actelion") and Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") (collectively, "Plaintiffs") and Defendants VGYAAN Pharmaceuticals LLC ("VGYAAN") and Aizant Drug Research Solutions Private Limited ("Aizant") (collectively, "Defendants") hereby stipulate, subject to approval of the Court, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) to dismiss the claims asserted by Plaintiffs against Aizant in the above-captioned action (the "Action"). The Action will continue against VGYAAN. It is further stipulated that this dismissal is without prejudice and is subject to the following conditions:

1. Aizant stipulates that service of summons in connection with Civil Action No. 20-cv-03859 was effected as of the date of the undersigned parties' execution below.

2. Aizant agrees to be bound by any Judgment, Order, or decision applicable to VGYAAN in this Action, Civil Action No. 20-cv-03859, or any appeal thereof, including that

one or more claims of U.S. Patent Nos. 8,791,122 and 9,284,280 are not invalid and/or unenforceable, and/or are infringed by the generic selexipag tablet products for which VGYAAN seeks U.S. Food and Drug Administration approval pursuant to Abbreviated New Drug Application No. 214055 as if it were a named defendant.  For the avoidance of doubt, Aizant shall not be responsible for any sanctions or damages assessed against VGYAAN for litigation misconduct or damages except to the extent the sanctions or damages are attributable in whole or in part to Aizant based on the facts and law.

   3. VGYAAN will answer or otherwise respond to the Complaint in this Action on or before June 12, 2020, unless otherwise extended.

   4. Aizant and VGYAAN stipulate that Aizant's documents, witnesses, and information are in VGYAAN's custody or control for purposes of discovery or requests for admission in this lawsuit, subject to Paragraph 5.

   5. Pursuant to Paragraph 4 above, VGYAAN and Aizant agree that any discovery requests directed to VGYAAN will be understood and interpreted as seeking discovery from both VGYAAN and Aizant.  VGYAAN will respond to all discovery requests for information in the possession, custody or control for VGYAAN and Aizant, including requests for Rule 30(b)(1) and Rule 30(b)(6) deposition testimony.  For clarity, VGYAAN will accept Fed. R. Civ. P. 30(b)(6) deposition notices containing topics directed to information that may be held by Aizant, and any witness presented in response thereto shall investigate information in the possession, custody, or control of Aizant as if Aizant was a defendant.  Further, VGYAAN will certify interrogatory responses containing VGYAAN information and Aizant information.

   6. VGYAAN and Aizant agree that, for purposes of this Action only, they will not contest personal jurisdiction or venue in the U.S. District Court for the District of New Jersey,

and, as such, will not move to dismiss the Action on the grounds that the U.S. District Court for the District of New Jersey lacks personal jurisdiction over VGYAAN or that venue is improper. VGYAAN further agrees that it will not assert any defense under Federal Rule of Civil Procedure 19 or otherwise assert that Aizant is a necessary party.

7. Aizant submits and consents to the personal jurisdiction of the District of New Jersey solely for purposes of enforcing this Stipulation and Order and to adjudicate or resolve any disputes regarding its terms, interpretation, application, or requirements.

8. Except as provided herein, nothing herein waives any right by VGYAAN to assert any defenses or objections otherwise appropriate under the Federal Rules of Civil Procedure.

9. The case caption should be amended to read as follows: "Actelion Pharmaceuticals Ltd and Nippon Shinyaku Co., Ltd., Plaintiffs, v. MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, Alembic Pharmaceuticals Limited, Alembic Pharmaceuticals, Inc., VGYAAN Pharmaceuticals LLC, Zydus Worldwide DMCC, and Zydus Pharmaceuticals (USA) Inc., Defendants, Civil Action No. 1:20-cv-03859 (RMB) (KMW)," as follows:

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD and NIPPON SHINYAKU CO., LTD., <br><br> Plaintiffs, <br> v. <br><br> MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC PHARMACEUTICALS, INC., VGYAAN PHARMACEUTICALS LLC, ZYDUS WORLDWIDE DMCC and ZYDUS PHARMACEUTICALS (USA) INC., <br><br> Defendants. | Civil Action No. 1:20-cv-03859 (RMB) (KMW) |

Dated: June 4, 2020

| ROBINSON MILLER LLC | WINDELS MARX LANE & MITTENDORF, LLP |
|---|---|
| *s/ Keith J. Miller* | *s/ Anandita Vyakarnam* |
| Keith J. Miller | Anandita Vyakarnam |
| Ironside Newark | One Giralda Farms |
| 110 Edison Place, Suite 302 | Madison, NJ 07940 |
| Newark, NJ 07102 | (973) 966-3200 |
| (973) 690-5400 | avyakarnam@windelsmarx.com |
| KMiller@rwmlegal.com | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | *VGYAAN Pharmaceuticals LLC* |
| *Actelion Pharmaceuticals Ltd* | *and Aizant Drug Research Solutions* |
| *and Nippon Shinyaku Co., Ltd.* | *Private Limited* |

IT IS SO ORDERED this ____ day of _____, 2020.

_____
The Honorable Renee Marie Bumb
United States District Judge